UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRADLEY PETERSON,

Plaintiff,

-against-

ANTHONY BERTERO; et al.,

Defendants.

26-CV-5581 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Bradley Peterson, currently incarcerated at the Rhode Island Maximum Security Prison in Cranston, Rhode Island, commenced this action *pro se*. By order dated and entered August 14, 2026, and by civil judgment dated and entered August 17, 2026, the Court dismissed this action without prejudice due to Plaintiff's failure to comply with the Court's order dated July 6, 2026, which, among other things, directed him to submit a completed a prisoner authorization or pay the fees required to file a civil action in this court.

On September 22, 2026, the Court received from Plaintiff the following documents: (1) a motion for an extension of time under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, which is dated September 7, 2026, to file a notice of appeal (ECF No. 8); and (2) a notice of appeal, which is also dated September 7, 2026 (ECF No. 9). In the motion, Plaintiff asserts that he requires an extension of time to file the notice of appeal because he "[d]id not receive court order under Sept. 2026." (ECF No. 8.)

**DISCUSSION**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment. The district court may extend the time to file a notice of appeal, however, if a plaintiff moves for an extension within thirty

days of the expiration of the time to file notice of appeal, and shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Here, judgment was entered on August 17, 2026. Plaintiff's notice of appeal is dated September 7, 2026, and for the purposes of this order, the Court assumes that Plaintiff delivered the notice of appeal to prison authorities for mailing on that date. Plaintiff's notice of appeal is therefore timely, thereby obviating the need for Plaintiff to have filed a motion for an extension. Because Plaintiff's notice of appeal was timely filed, the Court denies Plaintiff's motion for an extension as unnecessary.

**CONCLUSION**

Plaintiff's notice of appeal (ECF No. 9) was timely filed. The Court therefore denies as unnecessary Plaintiff's motion for an extension of time to file a notice of appeal. The Clerk of Court is directed to terminate the motion pending at ECF No. 8.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated: September 23, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge